# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79646-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY D. WIATT JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 21, 2019 |
| | ) | |

MANN, A.C.J. — Jerry Wiatt appeals the trial court's order enforcing a 2011 plea agreement and prohibiting Wiatt from challenging nine civil anti-harassment orders entered pursuant to the plea agreement. We affirm.

I.

On January 31, 2011, Wiatt appeared for a change of plea and sentencing in Thurston County Superior Court. Wiatt had been serving a prison sentence on convictions for two counts of rape in the second degree, two counts rape in the third degree, one count attempted rape in the third degree, six counts furnishing liquor to a minor, one count voyeurism, and one count communication with a minor for immoral

purposes. All of the convictions had been vacated by Division Two of this court and remanded for trial.[1] The State filed a petition for review with the Supreme Court.

After lengthy negotiations between the State, Wiatt, and his attorney, the State agreed to reduce the charges to seven counts of assault in the fourth degree and two counts of furnishing liquor to a minor in exchange for the entry of nine permanent civil anti-harassment orders for each of Wiatt's victims. Wiatt also agreed that he would not maintain a principal residence or have a principal place of employment or schooling in Thurston County. The statement on the plea of guilty indicated that "pursuant to the plea agreement of the parties, the defendant would agree to the entry by this court at the time of sentencing of a permanent civil anti-harassment order for each of the victims named in the nine counts against the defendant."

During the January 31, 2011, plea hearing, the State explained that all of the nine victims were requesting permanent lifetime anti-harassment orders because "they did not want to see the defendant" and that under the orders "the defendant understands if, in fact, he ever were to by chance walk into a local Safeway or grocery store and one of the victims perhaps was there, it's the defendant's obligation under the antiharassment orders to leave the premises." The parties agreed, with the court's permission, that the State should sign the anti-harassment orders on behalf of the victims. The defense indicated that

> All of these conditions are fully agreed upon by the defense. As I think Your Honor knows, this was a result of considerable negotiations between

---

[1] In State v. Wiatt, the court reversed and remanded five counts based on an unlawful search. 127 Wn. App. 1008, WL 950673 (2005); In In re the Personal Restraint Petition of Wiatt, the remaining convictions were vacated because the court violated Wiatt's due process rights by excluding him from the pretrial attorney conflicts hearing. Order Granting Pet., No. 35690-2-II, at 2 (Wash. Ct. App. Aug. 13, 2010).

the defense and the prosecutor's office and I know that the prosecutor also took the time to correspond with all the victims in the case and make sure that the settlement was acceptable to them as well. So we agree to all the terms recommended.

The court asked if Wiatt wanted to address the court before sentencing and Wiatt replied, "No, thank you, Your Honor. I'll defer to my lawyer." The court then noted that the orders "are lifetime civil antiharassment orders under the statute. They're in effect immediately, they will be immediately filed in the clerk's office."

Seven years later, Wiatt moved, in each of the nine civil causes, to vacate the anti-harassment orders, arguing that the orders were entered without statutory authority. The State filed a motion to enforce the plea agreement in the criminal cause. In a hearing on consolidation, Wiatt agreed that the court should hear the State's motion to enforce the plea agreement before hearing Wiatt's motion to vacate the anti-harassment orders, conceding that "if specific performance is granted and Mr. Wiatt is ordered not to proceed forward, the solution is simple. The motions [to vacate the anti-harassment orders] are struck, and the matter is solved." The court declined to consolidate all cases, but consolidated the hearing on all pending motions.

At the hearing, the State argued that Wiatt's attempt to vacate the anti-harassment orders violated the plea agreement and that the court should order specific performance barring Wiatt from challenging the anti-harassment orders. The court agreed with the State and concluded that the plea agreement was indivisible and Wiatt received the benefit of the bargain, a lesser sentence and avoidance of a new trial, in exchange for entry to the permanent anti-harassment orders. The court concluded that

the terms of the plea agreement would be breached if Wiatt were allowed to vacate the anti-harassment orders and ordered specific performance. Wiatt appeals.

II.

Wiatt contends that the plea agreement is unenforceable because Wiatt served his sentence and therefore the court cannot exercise criminal jurisdiction over Wiatt. We disagree.

A plea agreement is a contract between the State and the defendant. State v. McDonald, 183 Wn.2d 1, 8, 346 P.3d 748 (2015). After a party breaches the plea agreement, the nonbreaching party may either rescind or specifically enforce it. State v. Armstrong, 109 Wn. App. 458, 462, 35 P.3d 397 (2001). The trial court found that Wiatt's motion to vacate the anti-harassment orders constituted "a material breach of the 2011 plea agreement between the prosecution and defense." We review the trial court's interpretation of a contract de novo. Tacoma Narrows Constructors v. Nippon Steel-Kawada Bridge, Inc., 138 Wn. App. 203, 216, 156 P.3d 293 (2007).

In general, we read the terms of a plea agreement the same as the terms of a contract. State v. Thomas, 79 Wn. App. 32, 39, 899 P.2d 1312 (1995). Our reading, however, is constrained by the constitutional due process considerations and "we cannot read any terms in a way the defendant did not understand at the time of the entry of the plea." Thomas, 79 Wn. App. at 39.

First, Wiatt cites no authority for his contention that a plea agreement is unenforceable after a defendant has served his sentence. The plea agreement is a contract between the State and defendant, where the State agrees to recommend a specific sentence in exchange for the defendant's guilty plea. The sentencing court is

not bound, however, by the State's recommendation. <u>State v. Henderson</u>, 99 Wn. App. 369, 374, 993 P.2d 928 (2000).

The language in the plea agreement is clear—Wiatt agreed to the entry of nine permanent civil anti-harassment orders in exchange for lesser charges and avoidance of a new trial. The nine civil anti-harassment orders are legally distinct orders from the judgment and sentence. The court accepted Wiatt's plea of guilty and the State's recommendation for sentencing and entry of the nine anti-harassment orders. The court allowed the State to facilitate the entry of the orders on behalf of the victims. The court entered the permanent orders under its statutory authority in RCW 10.14.080(4), which allows it to enter permanent anti-harassment orders when the court finds that, without the orders, unlawful harassment will likely resume. Wiatt stipulated to the factual basis for the anti-harassment orders. Thus, the court may continue to exercise civil jurisdiction over Wiatt, under the permanent anti-harassment orders and has authority to enforce the parties' agreement under the plea agreement to prevent Wiatt from vacating the anti-harassment orders.

When Wiatt sought to vacate the anti-harassment orders, he breached the plea agreement. The parties reached this agreement after lengthy negotiations, with Wiatt represented by counsel. The State agreed to charge Wiatt with gross misdemeanors, rather than felonies, in exchange for Wiatt's agreement to the entry of permanent anti-harassment orders. Both the State and Wiatt benefitted from the bargain. The trial court did not err by ordering specific performance.

We affirm the trial court's decision ordering specific performance that barred Wiatt from moving to vacate the nine anti-harassment orders and enforcing the plea agreement.

_Mann, ACJ_

WE CONCUR: